UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ERIC TOLLIVER,

                Petitioner,

    v.                                                               9:16-CV-0487
                                                                        (GLS)

WILLIAM KEYSER,

                Respondent.

---

APPEARANCES:                              OF COUNSEL:

ERIC TOLLIVER
94-B-1563
Petitioner, pro se
Sullivan Correctional Facility
Box 116
Fallsburg, NY 12733

GARY L. SHARPE
Senior United States District Judge

## DECISION and ORDER

## I. INTRODUCTION

Petitioner Eric Tolliver filed a petition for a writ of habeas corpus and exhibits pursuant to 28 U.S.C. § 2254 and an application to proceed in forma pauperis ("IFP"). Dkt. No. 1, Petition ("Pet."); Dkt. Nos. 1-1 through 1-5, Exhibits; Dkt. No. 2, IFP Application. For the reasons that follow, petitioner's IFP Application is granted, and this action is transferred to the Second Circuit Court of Appeals.

## II. DISCUSSION

### A. The Petition

Petitioner challenges a 1996 judgment of conviction in Onondaga County Court of

attempted second degree murder and second degree criminal possession of a weapon. Pet. at 1.[1] He states that the Appellate Division affirmed his conviction, and the New York Court of Appeals denied leave to appeal in 1998. *Id.* at 2; *see People v. Tolliver*, 248 A.D.2d 988 (4th Dep't. 1998), *lv. denied* 91 N.Y.2d 1013 (1998). Petitioner also states that on July 9, 2015, he filed an application for a writ of error coram nobis. Pet. at 3. On November 13, 2015, the Appellate Division denied the application, and, on April 5, 2016, the New York Court of Appeals denied leave to appeal. Pet. at 5-6; Dkt. No. 1-3, Appellate Division decision; Dkt. No. 1-4, Order Denying Leave.

Petitioner argues that appellate counsel was ineffective for failing to argue on direct appeal that trial counsel was ineffective for various reasons. Pet. at 5. He asks this Court to reverse the state court's decisions and his conviction, and to either dismiss the indictment or grant him a new trial. *Id.* at 14. For a more complete statement of petitioner's claims, reference is made to the petition.

### B. Petitioner's prior habeas petition

On or about March 4, 1999, petitioner filed a petition pursuant to 28 U.S.C. § 2254 in this court challenging the same conviction at issue in his current petition. *Tolliver v. Artuz*, No. 9:99-CV-0332, Dkt. No. 1. On April 23, 2001, Magistrate Judge David R. Homer recommended that the petition be denied and dismissed both on procedural grounds and on the merits. *Id.*, Dkt. No. 10, Rep.-Rec. and Order. On May 18, 2001, then-Chief District Judge Frederick J. Scullin adopted the Report and Recommendation and dismissed the

---

[1] The cited page numbers refer to those generated by the Court's electronic filing system (ECF).

petition. *Id.*, Dkt. No. 12, Decision and Order.[2]

**C. Analysis**

The Antiterrorism and Effective Death Penalty Act (AEDPA) restricted the ability of petitioners to file second or successive petitions. It requires individuals seeking to file a second or successive petition to obtain leave of the appropriate Court of Appeals for an order authorizing the district court to consider the second or successive application. 28 U.S.C. §§2244(b)(1)-(3); *see* Rule 9, Rules Governing Section 2254 Cases in the United States District Courts ("Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)."); N.D.N.Y. L.R. 72.4 (c) ("Before a second or successive application is filed in this Court, the applicant shall move in the Second Circuit Court of Appeals for an order authorizing the district court to consider the application."). A district court has no jurisdiction to decide a second or successive habeas petition on the merits without authority from the appropriate Court of Appeals. *Burton v. Stewart*, 549 U.S. 147, 153 (2007) (per curiam); *see Torres v. Senkowski*, 316 F.3d 147, 149 (2d Cir. 2003) (holding that the authorization requirement under the AEDPA "is jurisdictional and therefore cannot be waived.").

Petitioner's current petition is second or successive because, even though he has raised some new claims, he is challenging the same judgment of conviction that he challenged in his previous habeas petition, which was denied and dismissed in 2001. *Tolliver,* No. 9:99-CV-0332. When a district court is presented with a second or successive

---

[2] Petitioner acknowledges he filed this prior petition. See Pet. at 2.

habeas petition, the appropriate procedure is for the district court to transfer the case to the appropriate Circuit Court pursuant to 28 U.S.C. § 1631 for a determination under 28 U.S.C. § 2244(b) as to whether the petitioner should be permitted to file a second or successive habeas petition in the district court. *Torres*, 316 F.3d at 151-52. Accordingly, the Court will transfer this petition to the Second Circuit for review.

### III. CONCLUSION

**WHEREFORE**, it is

**ORDERED** that petitioner's IFP Application (Dkt. No. 2) is **GRANTED**; and it is further

**ORDERED** that the Clerk transfer this petition to the United States Court of Appeals for the Second Circuit, pursuant to 28 U.S.C. § 1631, for a determination under 28 U.S.C. § 2244(b) as to whether petitioner should be authorized to file a second or successive habeas petition in the district court; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on petitioner in accordance with the Local Rules.

**IT IS SO ORDERED**.

April 28, 2016
Albany, New York

Gary L. Sharpe
U.S. District Judge